**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3895-19

LAURIE JOHNSON,

     Plaintiff-Respondent,

v.

THOMAS JOHNSON,

     Defendant-Appellant.

_____

> Argued October 20, 2021 – Decided November 4, 2021
>
> Before Judges Fuentes, Gooden Brown, and Gummer.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0509-11.
>
> Bonnie C. Frost argued the cause for appellant (Einhorn, Barbarito, Frost & Botwinick, attorneys; Matheu D. Nunn, Jhanice V. Domingo and Jessie M. Mills, on the briefs).
>
> Thomas J. DeCataldo argued the cause for respondent (Skoloff Wolfe P.C., attorneys; Thomas J. DeCataldo, on the brief).

PER CURIAM

Defendant appeals an order denying his motion for termination of his alimony obligation and the parties' fee applications and granting plaintiff's cross-motion to find defendant in violation of litigant's rights. We affirm the order substantially for the reasons set forth in Judge Frank J. DeAngelis's comprehensive, written decision.

As Judge DeAngelis stated, "[d]efendant's application rests largely on a series of negative inferences he asks the [c]ourt to draw" from the facts set forth in defendant's motion. Accepting defendant's asserted facts, we agree with Judge DeAngelis that defendant did not present sufficient evidence from which a trier of fact could find cohabitation.

Judge DeAngelis's decision and the parties' appellate briefs were written before we issued our decision in Temple v. Temple, ___ N.J. Super. ___ (App. Div. 2021). Defense counsel's reliance on Temple at oral argument was misplaced given the clear factual differences between Temple and this case. See, e.g., id. at ___ (slip op. at 8-14) (identification of defendant by her paramour's last name in a church publication, her paramour's frequent reference to defendant as his "wife," and his and defendant's post-motion scrubbing of their social-media accounts).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3895-19